Seward, J.
(orally).
This ease is submitted to the court upon a motion to dismiss the appeal. It was originally brought by Lewis A. Pierson in the probate court for divorce. The probate court of this and other counties was given jurisdiction in divorce cases by the act of the Legislature passed April 27, 1896, which, after conferring jurisdiction, provided that litigants shall have the same rights as heretofore to appeal and prosecute error to the circuit, court as is allowed now by appeal and error proceedings in similar cases from common pleas to the circuit court. This act of the Legislature was changed by amendment on April 13, 1900, only by adding other counties that were theretofore included in the act. This last act, the act passed April 13, 1900, was amended April 15, 1904, and provided for appeals from the probate court to the common pleas court. This is the first enactment that gives the right to an appeal from the probate court to the common pleas court, and I think this enactment was prompted by the decision of Judge Jones in the Kislingberry case (Donovan v. Kislingberry), which found the other act unconstitutional because it conflicted with the right of a party to *236 have his case tried in the common pleas court. It ousted the common pleas court of jurisdiction in foreclosure proceedings, where the proceedings were brought in the probate court. I think it was a foreclosure case — the Kislingberry case.
These enactments of the Legislature gave to the probate court jurisdiction in divorce, alimony, foreclosure and partition, proceedings. In the first enactment, no provision was made for error or appeal to any other court. The finding of the probate court was 'final.
April 27, 1896, this act was amended providing that litigants shall have, as heretofore, the same right of appeal and of error from the probate court to the circuit court as is allowed now by appeal and error proceedings in similar cases from the common pleas court to the circuit court. If this was still the provision in the act of the Legislature under which these proceedings for divorce were brought and prosecuted, the court would have no trouble with the proposition. The court is clear that the Legislature meant then that no appeal should be had except in cases where appeal had theretofore been provided. They evidently intended that, because they say: “Provided that litigants shall have as heretofore.” Prior to that, litigants did not have a right to appeal from a decision of the common pleas court on a decree for a divorce only. It was inhibited by statute, and had been for forty or fifty years — not by a section of the statute but rather by forty or fifty years ’ construction of the statute, which was passed in .1834, I believe. It says: To the circuit court as is allowed now by appeal and error proceedings. Allowed where? Allowed, of course, from the common pleas to the circuit court; and, as no appeal could lie from the common pleas to the. circuit court, then the Legislature intended to prohibit appeals from the common pleas to the circuit court by that enactment. These words have stood just as originally enacted as to appeal and error proceedings until the legislation of April 15, 1904 (97 O. L-, page 113), in which these words take the place of those quoted: “Provided that litigants shall have the right to appeal and of error from the probate court to the common pleas court.” Leaving out the words “as heretofore,” and “as is allowed now.” The last enactment is the enactment *237 which gives the right of appeal from the probate court to the common pleas court.
It can not be supposed that the Legislature did not know what was in the prior section of the statute that they were attempting to amend. They knew under that section of the statute, or were supposed to have known — it is difficult to state what the Legislature knows — but they are presumed to have known that the prior section of the statute — at least, as I construe it — prohibited appeals from the probate to the circuit court. So they have left the very words out of this section of the statute which prohibited, as I construe it, thfc right to appeal under the former statute. Why did they do that? They evidently intended to give the right to litigants in divorce proceedings to appeal to this court. There is no constitutional prohibition against it; and the very fact of their omitting those words reflects the intention of the Legislature in passing the last act.
Bascom v. Bascom, 7 Ohio, part 2, page 126, is a case where an attempted appeal was made from the common pleas to the district court — the old district court — from a decree granting a divorce. Judge Lane says in his decision in that case — and it is quite a commentary on the recent legislation in Ohio in regard to -divorce proceedings:
“Where a divorce is granted, upon which one of the parties contracts new relations, and a third party acquires rights, it can not be that a process could be had to reverse a decree, the consequence of which would be a severance of all those new relations. Such anomalous mischief can not be engrafted on the practice of our courts, except by clear and explicit legislative enactment. ’ ’
They can engraft it by clear and explicit legislative enactment, and not otherwise. That is, the court will not assume anything of the kind.
“That,” the court continued, “we feel confident can never take place. ’ ’ The Supreme Court felt that they never would do anything of that kind. But they have, as this court construes this section of the statute.
It was said in the argument that no provision is made for a bond for appeal. But is it essential that a bond should be pro *238 ’vided? Has not the Legislature a right to provide that an appeal may be taken from one court tó another without a bond ? There is no constitutional provision against it.
It is said that no time is fixed for perfecting an appeal. That is true. There is no time fixed in this act. But that certainly of itself does not invalidate the act. There is a time fixed for appeal in other provisions of the statute. Section 6407 provides for appeals from the probate court, and the subsequent section provides for the giving of a bond. That is, in certain matters. That is referred to in Section 6407; and Section 6408, the subsequent section, provides Tor giving a bond and when the bond shall be given, and it provides that the transcript shall be filed on or before the second day of the next term of the common pleas court in order to perfect an appeal. The statute under consideration in this proceeding does not provide for anything of the kind. It gives the right to an appeal; but the court can not say that the Legislature has not a right to do that. If there is any statutory provision prohibiting it, I do not know of it. If counsel can ci'te it, the court would very gladly dismiss this appeal. The court is inclined to whish to do it.
Section 6203 provides for appeals from an order made as to distribution, or as to a distributive share in an estate, either by devise or an order of distribution; and that section provides as to how the appeal shall be perfected. The court can not, as it views it, dismiss this appeal without being chargeable with judicial legislation; and this motion will be overruled.
By Judge Jones: Did the court.consider the question as to whether that statute is not upon a general subject, and therefore is special legislation? It results in this: That in counties where the probate court has jurisdiction of divorce, there is an appeal. In all the rest of the state there is not.
The Court: I considered that matter. The Constitution provides that the probate court shall have such jurisdiction as the Legislature from time to time shall confer upon it.
Bj>- Edward Kibler : In the several counties.
By The Court : In the several counties.
By Judge Jones : The question is not as to the jurisdiction of the probate court. The question is as to the jurisdiction it *239 confers upon the common .pleas court; and I suggest whether it is not special legislation.
Smythe & Smythe and Fulton é Fulton, for plaintiff.
Hunter & Hunter, contra.
The Court: I did not look at that feature of it, but I am inclined to think that the Legislature had a right to do what they have done. It is' presumed to have known that it was repealing a statute which did not give the right of appeal, and by leaving out the words that did not give the right, it is the opinion of the court they intended to confer the right of appeal. I would be very glad to be reversed.